# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WESLEY ZIMMERMAN,

    Plaintiff,

vs.

MIKE CRABTREE, *et al.,*

    Defendants.

Case No. 1:08-cv-830

Barrett, J.
Black, M.J.

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 14) BE DENIED

Plaintiff is an inmate who brings this *pro se* action pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's "memorandum contra in opposition to answer of Defendant Mike Crabtree, Marty Donini, Shawn Sparks and Phil Staker. In the alternative, plaintiff request summary judgment." (Doc. 14.) Also before the Court is Defendants' opposition memorandum (Doc. 15)

Upon careful review, it appears that the majority of Plaintiff's filing contains arguments in reply to Defendants' Answer. However, as noted by Defendants, no such filing is recognized by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7(a). A reply to an answer is only permitted upon a court order. In this case, the Court has issued no order for Plaintiff to reply to Defendants' Answer. As such, Plaintiff's reply is improper and should be stricken from the docket. *See* Fed. R. Civ. P. 12(f).

Additionally, Plaintiff's motion for summary judgment is not well-taken. In the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

last paragraph of Plaintiff's ten-page filing, he simply asserts that he "moves this Honorable Court that summary judgment be granted in plaintiff's favor, and Defendants' Answer is without absurdity be stricken from the record." (Doc. 14, p. 10 at 30).

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

"Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007)(quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Here, Plaintiff does not offer any evidence to show the absence of disputed facts

and merely argues why he believes that the Defendants' affirmative defenses will ultimately fail.  Moreover, Plaintiff does not submit any evidence that could prove any of his claims.  Thus, Plaintiff has failed to establish that he is entitled to judgment as a matter of law.

Accordingly, based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for summary judgment (doc. 14) be **DENIED**.

Date: May 27, 2009                                             s/Timothy S. Black
                                                                Timothy S. Black
                                                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WESLEY ZIMMERMAN,

    Plaintiff,                                   Case No. 1:08-cv-830

vs.                                                 Barrett, J.
                                                      Black, M.J.

MIKE CRABTREE, *et al.*,

    Defendants.

## NOTICE

       Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).